**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Ernie AVALOZ, aka Seal B,**
**Defendant—Appellant.**

No. 03–50094.

United States Court of Appeals,
Ninth Circuit.

Nov. 3, 2005.

Consuelo S. Woodhead, Esq., Ronald L. Cheng, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

David J. Zugman, Esq., Law Offices of David J. Zugman, San Diego, CA, for Defendant–Appellant. D.C. No. CR–00–00637–WJR–2.

Before: FARRIS, D.W. NELSON, and TALLMAN, Circuit Judges.

ORDER AMENDING MEMORANDUM DISPOSITION; DENYING PETITIONS FOR REHEARING AND REHEARING EN BANC; AND DENYING MOTION TO STAY EN BANC PETITION

The Memorandum disposition filed on July 28, 2005, is amended as follows:

The last paragraph:

We grant a *limited* remand to allow the district court to determine "whether the sentence imposed would have been materially different had the district court known that the [federal sentencing] [g]uidelines were advisory." *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir.2005) (en banc).

is replaced with the following paragraph:

Avaloz seeks a remand of his sentence for non-constitutional error. *See United States v. Moreno–Hernandez*, 419 F.3d 906, 916 (9th Cir.2005) ("We conclude that defendants are entitled to limited remands in *all* pending direct criminal appeals involving unpreserved *Booker* error, whether constitutional or nonconstitutional."). Because the original sentencing judge is now unavailable, we VACATE Avaloz's sentence and REMAND to the district court for a full resentencing hearing. *See*

*United States v. Sanders,* 421 F.3d 1044, 1052 (9th Cir.2005).

With the amended Memorandum disposition, the panel has voted unanimously to deny appellant's petition for rehearing. Judge Tallman voted to deny the petition for rehearing en banc. Judges Farris and Nelson recommended denial of the petition for rehearing en banc. The panel also voted unanimously to deny appellee's petition for rehearing. The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. *See* Fed. R.App. P. 35.

Appellant's petition for rehearing/rehearing en banc is hereby DENIED. Appellee's petition for rehearing is hereby DENIED. No further petitions for panel rehearing or for rehearing en banc shall be entertained.

The Appellant's Motion to Stay En Banc Petition Pending the Outcome of the En banc Review of *U.S. v. Lynch* is DENIED.

SO ORDERED.